**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| PORTO TECHNOLOGY CO., LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:15-cv-00456-JRG-RSP |
| | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | Case No. 2:15-cv-00458-JRG-RSP |
| INC., | § | |
| | § | Case No. 2:15-cv-00459-JRG-RSP |
| v. | § | |
| | § | Case No. 2:15-cv-00460-JRG-RSP |
| LG ELECTRONICS MOBILECOMM | § | |
| U.S.A., INC., | § | |
| | § | |
| v. | § | |
| | § | |
| HTC AMERICA, INC., | § | |
| | § | |
| v. | § | |
| | § | |
| MOTOROLA MOBILITY LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

The Court, on March 10, 2016, held a hearing to address the Motion to Transfer Venue

by Defendants Samsung Electronics America, Inc. (SEA), LG Electronics MobileComm U.S.A.,

Inc. (LGEMU), HTC America, Inc., and Motorola Mobility LLC. (Dkt. No. 23 (2:15-cv-456-

JRG-RSP); Dkt. No. 15 (2:15-cv-458-JRG-RSP); Dkt. No. 20 (2:15-cv-459-JRG-RSP); Dkt. No.

18 (2:15-cv-460-JRG-RSP).) Defendants assert this case should be transferred to the Northern

District of California. Plaintiff Porto Technology Co., Ltd. opposes transfer. The Court having

considered the facts and arguments finds that transfer is warranted.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first step in a Court's transfer analysis is deciding "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").

If that threshold is met, the Court then analyzes public and private factors relating to the convenience of parties and witnesses and the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Volkswagen I*, 371 F.3d at 203; *Nintendo*, 589 F.3d at 1198; *TS Tech*, 551 F.3d at 1319. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Volkswagen I*, 371 F.3d at 203; *Nintendo*, 589 F.3d at 1198; *TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314–15 (5th Cir. 2008) ("*Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *Volkswagen II*, 545 F.3d at 315; *Nintendo*, 589 F.3d at

1200; *TS Tech*, 551 F.3d at 1319. Although the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *Volkswagen II*, 545 F.3d at 314–15.

Timely motions to transfer venue should be "should [be given] a top priority in the handling of [a case]" and "are to be decided based on 'the situation which existed when suit was instituted.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *In re EMC Corp.*, Doc. No. 2013-M142, 2013 WL 324154 (Fed. Cir. Jan. 29, 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 443 (1960)).

Defendants offered evidence at the hearing that some party and third-party witnesses are in the Northern District of California. Porto failed to adequately challenge this evidence in its briefing and at the hearing. The moving party bears the burden of showing a transferee venue is clearly more convenient. However, the non-moving party has some obligation to offer rebuttal or countervailing evidence. Here, the Court finds the convenience to the willing witnesses and the Northern District of California's power over third-party witnesses favors transfer. *Genentech*, 566 F.3d at 1342; Fed. R. Civ. P. 45. The Court further finds the remaining factors are neutral as to transfer.

A motion to transfer venue should be granted when the moving party shows one venue is "clearly more convenient" than another. *Nintendo*, 589 F.3d at 1197; *Genentech*, 566 F.3d at 1342. The Court has weighed the facts. The Court finds that the Northern District of California is "clearly more convenient." The Motion to Transfer Venue (Dkt. No. 23 (2:15-cv-456-JRG-RSP); Dkt. No. 15 (2:15-cv-458-JRG-RSP); Dkt. No. 20 (2:15-cv-459-JRG-RSP); Dkt. No. 18 (2:15-cv-460-JRG-RSP)) is **GRANTED**. The clerk is directed to transfer this case to the Northern District of California.

**SIGNED this 11th day of March, 2016.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE